UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ISSAC A. POTTER, JR. ,**

        **Plaintiff,**

v.                                            **Case No:  6:18-cv-2205-Orl-40DCI**

**FLORIDA PATIENTS
COMPENSATIONS FUND, ORLANDO
HEALTH, INC., ADVENTIST HEALTH
SYSTEM/SUNBELT, INC., JOSHUA
STEPHANY and GERBER LIFE
INSURANCE COMPANY,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS/AFFIDAVIT OF INDIGENCY (Doc. 19)** |
| **FILED:** | **March 29, 2019** |
| | **THEREON** it is **ORDERED** that the motion is **DENIED**. |

**I.  Background**

Plaintiff, who is proceeding *pro se*, filed a complaint against the Florida Patient Compensation Fund, Orlando Health, Inc., Adventist Health System/Sunbelt, Inc., Dr. Joshua Stephany, and Gerber Life Insurance Company (Gerber) (collectively, the Defendants).  Doc. 1 (the Complaint).  The allegations in the Complaint were unclear, but it appeared that the gravamen of the Complaint is that Gerber (and not any of the other defendants) owed and failed to pay

Plaintiff money under a promissory note,[1] on some unspecified "account," and for unspecified goods or services that Plaintiff delivered to Gerber. *Id*. at 4-5. Plaintiff seeks damages against Gerber totaling $150,000.00. *Id*.

Along with the Complaint, Plaintiff filed an application to proceed in District Court without Prepaying Fees or Costs, which the Court construed as a motion to proceed in *forma pauperis*. Doc. 2.

On January 31, 2019, the undersigned entered an Order denying the motion to proceed in *forma pauperis*, finding that Plaintiff is a pauper but that the Complaint failed to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Doc. 11. In particular, Plaintiff failed to sufficiently allege the Court's subject matter jurisdiction and any claims for relief, including by failing to allege any actions at all in relation to several of the purported defendants. *Id*. Thus, pursuant to § 1915(e)(2), the undersigned dismissed the Complaint without prejudice and provided Plaintiff leave to file an amended complaint. *Id*.

Plaintiff failed to file an amended complaint within the time provided. Then, Plaintiff filed an untimely objection to the undersigned's Order. Doc. 14. Defendant responded to that objection. Doc. 15.

On February 21, 2019, the District Judge entered an Order overruling the objection and dismissing this case, as Plaintiff failed to file an amended complaint within the time provided. Doc. 16. The Court also noted that the objection was untimely and without merit. *Id*.

On February 25, 2019, Plaintiff filed a notice of appeal. Doc. 17. On March 29, 2019, Plaintiff filed a motion to appeal *in forma pauperis*. Doc. 19 (the Motion).

---

[1] There are no documents attached to the Complaint.

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issues presented are frivolous. *Id*. The undersigned has reviewed the Notice of Appeal, the Motion, and the documents attached to those filings. The undersigned finds that the basis of Plaintiff's intended appeal is unclear. That said, there is nothing in the Notice of Appeal or the Motion that demonstrates that the Court's bases for dismissing the Complaint were erroneous. Accordingly, the undersigned finds that Plaintiff has failed to raise any issues on appeal with arguable merit and, thus, the appeal is not taken in good faith.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 19) be **DENIED**;

2. The Court certify the appeal is not taken in good faith; and

3. The Clerk be directed to notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

**The Clerk is directed to send a copy of this report to Plaintiff by regular and certified mail.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 1, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy